IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

CARLTON EARL LITTLE,
Plaintiff,

4-25CV1295-0
Case Number

v.

TRANSUNION LLC,
Defendant.

NOV 17 2025 PM 12:11
FILED-USDC-NDTX-FW

**PLAINTIFF'S MEMORANDUM OF LAW**

IN SUPPORT OF CLAIMS FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
AGAINST TRANSUNION LLC
(15 U.S.C. §§ 1681c-2, 1681i, and 1681e(b))**

Plaintiff Carlton Earl Little ("Plaintiff") respectfully submits this Memorandum of Law in support of his Fair Credit Reporting Act ("FCRA") claims against Defendant TransUnion LLC ("TransUnion"). This memorandum specifically addresses TransUnion's repeated reporting, reinsertion, and verification of a fraudulent account despite Plaintiff's identity theft documentation and despite the furnisher's subsequent formal confirmation that the account resulted from identity theft.

I. INTRODUCTION

TransUnion engaged in a pattern of unlawful conduct by repeatedly reporting an account that Plaintiff did not authorize or open. Despite Plaintiff's identity-theft reports, police documentation, and multiple disputes, TransUnion:

- initially deleted the fraudulent account,
- subsequently reinserted the account without providing notice,
- verified the account as allegedly "accurate,"
- refused to block the item pursuant to §1681c-2, and
- continued publishing the fraudulent information.

On November 14, 2025, the furnisher issued a written CFPB response stating:
1. The account is fraudulent;
2. Plaintiff is a victim of identity theft;
3. The furnisher requested that all CRAs remove the account and inquiry;
4. Monetary relief was issued due to the identity theft.

This furnisher determination directly contradicts TransUnion's prior verifications, reinsertions, and block denial, and it establishes that TransUnion repeatedly violated multiple FCRA provisions.

## II. LEGAL STANDARD

### A. Reasonable Reinvestigation — 15 U.S.C. §1681i(a)

A CRA must perform a reasonable reinvestigation when a consumer disputes information.
A reinvestigation is unreasonable when the CRA:
- relies on automated, superficial matching,
- fails to consider identity theft documentation, or
- continues to verify information later proven false.

### B. Reinsertion Requirements — 15 U.S.C. §1681i(a)(5)(B)

A CRA may reinsert previously deleted information only if:
1. It obtains a certification of accuracy from the furnisher, and
2. It provides written notice to the consumer within five business days.

### C. Identity Theft Blocking — 15 U.S.C. §1681c-2

Upon receiving a valid identity theft report, a CRA shall block the identity-theft information within four business days.

### D. Accuracy Procedures — 15 U.S.C. §1681e(b)

CRAs must maintain reasonable procedures to ensure maximum accuracy.

## III. ARGUMENT

A. The Furnisher's Fraud Confirmation Proves All TransUnion "Verifications" Were Unreasonable (Violation of §1681i)

TransUnion repeatedly verified the fraudulent account as belonging to Plaintiff despite Plaintiff submitting:
- an FTC identity theft report,
- a police report,
- a sworn statement of identity theft, and
- evidence of fraud indicators.

The furnisher has now confirmed that:
- the account was the result of identity theft,
- Plaintiff did not open the account, and
- the item must be removed from all CRAs.

A CRA cannot claim a "reasonable" verification when its results contradict the furnisher's own fraud finding.
This establishes that TransUnion:
- conducted unreasonable, cursory, and automated investigations;
- ignored clear identity theft documentation; and
- repeatedly verified information that was factually false.

This is a direct violation of §1681i(a).

B. TransUnion Illegally Reinserted the Fraudulent Account Without Obtaining Certification or Notifying Plaintiff (Violation of §1681i(a)(5)(B))

TransUnion deleted the account at least once, then reinserted it.
Under §1681i(a)(5)(B), TransUnion was legally required to:
1. Obtain a certification of accuracy from the furnisher prior to reinsertion; and
2. Notify Plaintiff in writing within five business days.

The furnisher's CFPB response demonstrates that:
- It does not certify the account as accurate;
- It determined the account is fraudulent;
- It requested permanent deletion from all CRAs.

Therefore:

- TransUnion could not have obtained a certification of accuracy;
- TransUnion violated the reinsertion notice requirement;
- Each reinsertion was unlawful as a matter of law.

These repeated reinsertions strongly evidence systemic procedural noncompliance.

C. TransUnion Violated the Identity Theft Blocking Requirement (15 U.S.C. §1681c-2)

Plaintiff submitted all required documents:
- a valid identity theft report,
- proof of identity,
- a written statement,
- police documentation.

Under §1681c-2(a), TransUnion was required to block the fraudulent information within four business days.

Instead, TransUnion:
- denied Plaintiff's block request,
- reinvestigated what was not legally subject to reinvestigation,
- verified the fraudulent account as "accurate,"
- continued reporting the item, and
- reinserted the item after deletion.

These actions contradict the statute.
A furnisher's verification cannot override the consumer's identity theft report.
The furnisher's fraud finding eliminates any justification TransUnion could claim for denying the block request.

D. TransUnion Failed to Follow Reasonable Procedures to Assure Maximum Possible Accuracy (15 U.S.C. §1681e(b))

The following deficiencies demonstrate TransUnion's lack of "reasonable procedures":
1. Publishing identity-theft information despite notice.
2. Verifying an account later proven fraudulent.
3. Reinserting the account without legal authorization.
4. Denying an identity-theft block contrary to §1681c-2.
5. Continually reporting information contradicting the furnisher's fraud findings.

    6.    Failing to notify Plaintiff of reinsertion.

This conduct shows systemic failures and a reckless disregard for accuracy and compliance.

E. TransUnion's Conduct Was Willful Under 15 U.S.C. §1681n or, at Minimum, Negligent Under §1681o

Willfulness is established where a CRA:
- knowingly acts contrary to the statute, or
- acts with reckless disregard for regulatory obligations.

Here:
- TransUnion knew §1681c-2 required a block within 4 days, but refused to block.
- TransUnion knew reinsertion required notice and certification, but provided neither.
- TransUnion knew the furnisher later confirmed fraud, yet previously verified the item.

This satisfies the standard for willful noncompliance.

IV. CONCLUSION

The furnisher's November 14, 2025 CFPB response conclusively establishes that the disputed account was fraudulent and never belonged to Plaintiff. Accordingly:
- TransUnion's prior verifications were unreasonable;
- TransUnion's reinsertions were unlawful;
- TransUnion's denial of the identity theft block violated §1681c-2;
- TransUnion failed to employ reasonable procedures as required by §1681e(b).

Plaintiff respectfully requests that the Court:
1. Find that TransUnion violated 15 U.S.C. §§ 1681c-2, 1681i, and 1681e(b);
2. Award statutory, actual, punitive, and emotional-distress damages as authorized under §§1681n and 1681o;
3. Award costs and all other appropriate relief.

Respectfully submitted,

Carlton Earl Little
Pro Se Plaintiff
682-265-7766
Mrcelittle@gmail.com